RECEIVED
IN ALEXANDRIA, LA
JUL 31 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **WILLIE GRIFFIN (D.O.C.#68496)** | DOCKET NO. 08-CV-1914; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **SHERIFFS OFFICE AVOYELLES PARISH, ET AL.** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Plaintiff Willie Griffin (D.O.C.#68496) filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 5, 2008. Plaintiff is proceeding pro se and *in forma pauperis*. He is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at the Avoyelles Parish Jail. Plaintiff names as defendants the Avoyelles Parish Sheriff's Office, Nurse Sharon Gasbar, Warden Michael Gunnels, and Lieutenant Burlow Buxton. He complains that Nurse Gasbar, on one occasion, mistakenly gave Plaintiff blood pressure medication prescribed for another inmate. He seeks $100,000 in compensatory damages and demands that Nurse Gasbar be fired. Plaintiff was ordered to amend his complaint, and the amended complaint was filed on June 10, 2009.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Background

Plaintiff alleges that, in the first week of November, 2008, when the nurse was handing out medication, Plaintiff noticed that his medication looked different. He asked Nurse Gasbar about it, and she told Plaintiff that he had the correct medication. After taking the medication, the nurse called Plaintiff by another inmate's name. That inmate takes medication for high blood pressure. Plaintiff realized that the nurse had given him the medication prescribed to that other inmate. Because of the error, Plaintiff was placed in the "sick bay" and monitored.

Plaintiff was ordered to amend his complaint to allege facts that support the conclusion that his constitutional rights were violated by each person named as a defendant. Plaintiff provided no additional facts in his amended complaint regarding any defendant other than Nurse Gasbar.

## Law and Analysis

1. Supervisory Liability

To state a claim against the warden in his supervisory role, Plaintiff must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the warden. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). However, in his amended complaint, Plaintiff still provided no allegations involving the warden. Even if Nurse Gasbar did

violation Section 1983, the warden is not vicariously liable for her actions. See Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).

2. Deliberate Indifference

As noted above, Plaintiff makes no factual allegations against any defendant other than Nurse Gasbar. He claims that she could have killed him by giving him blood pressure medication that was not prescribed for Plaintiff. The constitutional right of a convicted prisoner to medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. **Deliberate indifference requires the subjective intent to cause harm.** Hare v. City of Corinth, Miss., 74 F.3d 633, 649 (5th Cir. 1996)(en banc). **Negligent or mistaken medical treatment does not provide the basis for a civil rights action.** See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). In fact, negligence, neglect, or even malpractice is insufficient to demonstrate "deliberate indifference." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff has not alleged any facts tending to establish that any defendant – including Nurse Gasbar – was *deliberately*

3

*indifferent* to his serious medical needs and safety. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). Plaintiff has only alleged negligence on the part of Nurse Gasbar. Plaintiff's claim should be dismissed as frivolous.

3. Physical Injury

Even if Plaintiff had stated a non-frivolous claim against Nurse Gasbar, his claim would still be subject to dismissal, as he has not alleged that he suffered a physical injury. Under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury required by Section 1997e(e) "must be more than de minimis, but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff was given the opportunity to amend his complaint to describe what, if any, injury he suffered. He only complains that he will "forever remember what could have been a tragic moment in [Plaintiff's] life." Plaintiff's claim is frivolous.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

4

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE